UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN RE:

CYNTHIA MAYER,                                      Case No. 09-60536
fka CYNTHIA MAYER KRIEGER,               Chapter 7
                                                           Hon. Walter Shapero

    Debtor.
_____/

CYNTHIA MAYER,

    Plaintiff and Counter-Defendant,

v.                                                                  Adv. Pro. No. 10-05428

GIARMARCO, MULLINS & HORTON, P.C.,
GILBERT GUGNI, and
ARNOLD GARBER,

    Defendants and Counter-Plaintiffs.
_____/

## OPINION GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### Introduction

In this adversary proceeding, Plaintiff (whose former married name was Cynthia Krieger) originally sought to avoid an alleged preferential transfer to Defendants under 11 U.S.C. §§ 522(g) and (h), 547(b) and (f), and 550(a). Defendants and Counter-Plaintiffs responded and/or defended by asking the Court to determine that the subject of the alleged preferential transfer is held as property of a constructive trust and, therefore, not susceptible to an avoidance action. Plaintiff and Defendants each moved for summary judgment. For the reasons set forth in this Opinion, the Court grants Defendants' Motion.

## Jurisdiction

The Court has jurisdiction over this action as it is a core proceeding identified in 28 U.S.C. § 157(b)(2)(H) and is in accord with 28 U.S.C. §§ 157(a) and 1334(b).

## Overview of Facts and Procedural Background

Ms. Cynthia Mayer (hereafter referred to as "Plaintiff" or "Debtor") commenced divorce proceedings in the Oakland County Circuit Court[1] on February 19, 2008. Gilbert Gugni, an attorney with the law firm of Giarmarco, Mullins & Horton, P.C., served as Debtor's counsel. Debtor and her former husband chose to pursue alternative dispute resolution (ADR) to address issues stemming from the divorce proceedings, selecting arbitration as their preferred form of ADR. They chose Defendant Arnold Garber as the arbitrator. (Mr. Gugni, Giarmarco, Mullins & Horton, P.C., and Mr. Garber are hereinafter collectively referred to as "Defendants" or "Creditors.") An arbitration report and award was rendered and it was utilized by the divorce court in rendering its judgment of divorce dated June 4, 2009 ("Divorce Judgment").

Paragraph 76 of the Divorce Judgment states:

76. IT IS FURTHER ORDERED AND ADJUDICATED that Plaintiff, CYNTHIA KRIEGER, shall forthwith liquidate and turn over Fifty Thousand ($50,000.00) Dollars of her H&R Block IRA accounts (previously awarded to her pursuant to Agreement to Withdraw Retirement Funds signed by the parties effective December 23, 2008) to her attorney, Gilbert Gugni, who shall disburse the funds as follows:

    A. The balance, if any, of fees owed to Plaintiff to Arbitrator Arnold Garber, which shall be first paid.
    B. The balance, if any, of the fees owed by Plaintiff to her attorney, Giarmarco, Mullins & Horton, P.C., shall then be paid.
    C. The estimated funds necessary to pay any tax liabilities shall then be paid.
    D. The balance of the funds, if any, shall be paid to Plaintiff.

---

[1] Case No. 2008-743490.

Paragraph 96, entitled "Attorney Fees," provides:

> 96. IT IS FURTHER ORDERED AND ADJUDICATED that each party shall pay the balance of his/her respective attorney fees forthwith and each attorney shall retain a lien on his client's share of the marital assets to insure payment of his fee.

Paragraph 97, entitled "Arbitrator Fees," states:

> 97. IT IS FURTHER ORDERED AND ADJUDICATED that the parties shall each pay the balance of the fees owed to Arbitrator Arnold Garber. The Arbitrator shall retain a lien on each party's share of the marital assets to insure payment of his fees.

Debtor failed to comply with the Divorce Judgment, and filed her chapter 7 bankruptcy on June 30, 2009.

Debtor initiated this adversary proceeding on May 4, 2010 seeking to utilize § 547(b) to avoid "transfers" to Creditors emanating from the Divorce Judgment. In the Complaint, she identifies the "transfers" as the Creditors' liens provided for in paragraphs 96 and 97. In her Motion for Summary Judgment, she expanded the definition of "transfers" to include her obligation stemming from paragraph 76. Debtor clarified the situation at the hearing on the Motion by stating that she is only seeking in her adversary proceeding to avoid the paragraph 96 and 97 granted liens.

Creditor's counterclaim seeks a determination (which Plaintiff resists) that paragraph 76 of the Divorce Judgment impressed a constructive trust on the IRAs and their proceeds making them not subject to Debtor's preference action. If so, Creditors argue, it will render moot the question of whether the granting of their liens is avoidable.

**Applicable Summary Judgment Law**

Fed. R. Civ. P. 56(c), made applicable by Fed. R. Bankr. P. 7056, provides that summary judgment is fitting "if the pleadings, depositions, answers to interrogatories,

- 3 -
10-05428-wsd    Doc 30    Filed 12/16/10    Entered 12/16/10 16:00:03    Page 3 of 11

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any *material* fact and that the moving party is entitled to judgment as a matter of law." Sheffield v. City of Fort Thomas, 2010 U.S. App. Lexis 18437, at *10 (6th Cir. 2010) (quoting Moses v. Providence Hosp. & Med. Ctrs., Inc., 561 F.3d 573, 578 (6th Cir. 2009) (emphasis added). Materiality is determined by whether the fact would affect the establishment of an element of the asserted cause of action or defense. See Niecko v. Emro Mktg. Co., 973 F.2d 1296, 1304 (6th Cir. 1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The evidence is viewed in the light most favorable to the non-movant. Sheffield, 2010 U.S. App. Lexis 18437, at *10 (citing Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

**Discussion**

Under § 547(b), a preference involves a transfer of "an interest of a debtor in property." And, under § 547(g), the trustee (or the Plaintiff in this instance) has the burden of proving the avoidability of the transfer. Necessarily then, the Plaintiff must show that the preference complained of, among other things, involved a transfer of an interest she had in the property involved.[2] It is Creditors' position that the property involved, i.e, the $50,000 of the H&R Block IRA accounts awarded to Debtor which she was obligated to liquidate and pay over to Creditors, was essentially the corpus of a constructive trust for the benefit of Creditors in essence created prepetition by paragraph

---

[2] There may arguably be a clash between Plaintiff's burden of proof under the statute with regard to the elements of a preference, including that there may have been a transfer of a property interest of Debtor, with the burden of proof put upon someone seeking to impose a constructive trust. In this particular case it does not essentially make a difference where the burden of proof lies, given that the existence or lack of existence of a constructive trust emanates essentially from the four corners of the Divorce Judgment and/or undisputed facts and can be decided upon as a matter of law.

76 of the Divorce Judgment, and, therefore, did not involve the "transfer" by Plaintiff of an interest of hers in that property within the meaning of the statute.

Property that a debtor holds in a pre-petition trust is not property of the debtor as to be subject to a § 547(b) avoidance action. In <u>Begier v. IRS</u>, 496 U.S. 53, 56-57 (1990), the Court analyzed whether property that a debtor holds in trust is "property of the debtor" for purposes a § 547(b) avoidance action. The Court first noted that the Code does not define "property of the debtor." <u>Id.</u> at 56. The progression of the Court's analysis then led to the finding that the "property of the debtor" must be property that would have been part of the bankruptcy estate had it not been for the transfer in question. <u>Id.</u> Next, the Court turned to 11 U.S.C. § 541 to determine whether the property would have been part of the bankruptcy estate:

> Section 541(a)(1) provides that the "property of the estate" includes "all legal or equitable interests of the debtor in property as of the commencement of the case." Section 541(d) provides: "property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate under subsection (a) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold." Because the debtor does not own an equitable interest in property he holds in trust for another, that interest is not "property of the estate." Nor is such an equitable interest "property of the debtor" for purposes of § 547(b).

496 U.S. at 56-57. A debtor holding property of a trust may have legal title to the property, but equitable title and interest is lacking given that the debtor is only holding the property in trust for another. <u>Id.</u> at 59. Consequently, neither the bankruptcy estate nor creditors would benefit from an avoidance action of a preferential transfer of trust property, and, for this reason, an avoidance action is not appropriate.

Trusts, including constructive trusts, emanate from state law. See <u>Barnhill v. Johnson</u>, 503 U.S. 393, 398 (1992) (citations omitted) ("'[P]roperty' and 'interests in

- 5 -
10-05428-wsd    Doc 30    Filed 12/16/10    Entered 12/16/10 16:00:03    Page 5 of 11

property' are creatures of state law."); see also Hines v. Hines, (In re Hines), 2006 Bankr. LEXIS 1160, at *10 (6th Cir. 2006) (determined whether Ohio law impressed property with a constructive trust). For that reason, a bankruptcy court must call upon the law from the appropriate state to determine whether a constructive trust exists. Neither Debtor nor Creditors dispute that Michigan law is appropriate in the present case.

Whether summary judgment should be granted is premised on the Supreme Court ruling in Begier, which clearly dictates that property held by a debtor in a pre-petition trust for a non-debtor cannot be the subject of a § 547(b) avoidance action. The questions then are: (1) whether paragraph 76 of the Divorce Judgment as a matter of Michigan law impressed a constructive trust on the $50,000 worth of IRA proceeds; and (2) whether this Court's finding of such, if it so finds, conflicts with XL/Datacomp, Inc. v. Wilson (In re Omegas Group), 16 F.3d 1443 (6th Cir. 1994).

    A.    Paragraph 76 of the Divorce Judgment impresses a constructive trust.

Does Michigan law recognize paragraph 76 as creating a constructive trust per se that became effective upon the entry of the judgment of divorce? Another bankruptcy court in this district recently faced a similar fact-pattern and question in In re Combs, 435 B.R. 467 (Bankr. E.D. Mich. 2010) (Tucker, J.). Although the ruling in Combs is in the context of a motion for relief from the automatic stay in a chapter 13 bankruptcy, its relevance emanates from that court's focus on an award of property in a divorce decree and the question of whether the decree impressed a constructive trust consisting of the awarded property. See 435 B.R. at 469, 477-79. In particular, the judgment of divorce in that case awarded the non-debtor spouse half of the debtor's pension benefits, and the court weighed whether the award identified in the judgment in and of itself constituted a

constructive trust. Id. at 477-79. The court noted that Michigan Compiled Laws § 552.401 as interpreted by the Michigan Supreme Court dictates that "a court may provide for the distribution of property in a divorce judgment" and that "a divorce judgment 'effectuates a transfer' of property upon entry." Combs, 435 B.R. at 471 (citing Estes v. Titus, 751 N.W.2d 493, 497 (Mich. 2008)). Continuing, the bankruptcy court advised, "Under § 552.401 and Estes, therefore, when a divorce judgment purports to transfer a separate ownership interest in a pension . . . , that ownership interest transfers when the divorce judgment is entered." 435 B.R. at 472. The court drove home its point when it confirmed that "[t]he general rule in Michigan, that the entry of the divorce judgment, without more, can transfer an interest in a pension, is consistent with the majority rule applied in other federal and state courts." Id. Following up on the general rule, the Combs court stated that constructive trusts arise by operation of law in Michigan, and that they can come into being through awards rendered in judgments of divorce. Id. at 478 (citations omitted). The court concluded by ruling, "In this case, as in McCafferty and Hines, the state court impressed a constructive trust by its judicial action ordering Debtor to directly convey one-half of the marital interest in the pension . . . ." Combs, 435 B.R. at 478.

As a general rule in Michigan, constructive trusts are products of equity that arise by operation of law. Clark v. Siriani, 2009 Mich. App. LEXIS 798, at *2 (2009) (citations omitted).

> "The constructive trust, as it was put by Mr. Justice Cardozo, 'is the formula through with the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not, in good conscience, retain the beneficial interest, equity converts him into a trustee.'"

Kammer Asphalt Paving Co. v. E. China Township Schs., 504 N.W.2d. 635, 647 (Mich. 1993) (Cavanagh, C.J., dissenting). Thus, Michigan law imposes a constructive trust "when it is inequitable under the circumstances to allow one to retain property." Id. (citation omitted). In decreeing a constructive trust, Michigan courts of equity are not bound by an unyielding formula and may form any relief as the equity of the circumstances dictates. Olitkowski v. St. Casimer's Sav. & Loan Ass'n, 4 N.W.2d 664, 667 (Mich. 1942); Union Guardian Trust Co. v. Emery, 290 N.W. 841, 846 (Mich. 1940) (citation omitted). It is for the party seeking to establish a constructive trust to prove by a preponderance of the evidence. Mackenzie v. Fritzinger, 121 N.W.2d. 410, 414 (Mich. 1963). Divorce courts in the State of Michigan are courts of equity. Mich. Comp. Laws § 552.12 (2010). Michigan divorce courts often establish constructive trusts in their divorce decrees, and occasionally utilize constructive trusts to address the compensation of interested parties from the proceeds of retirement funds. See Granitz v. Granitz, 2007 Mich. App. LEXIS 2519, at *13 (2007) (constructive trust provisions customarily appear in judgments of divorce); see, e.g., Combs, 435 B.R. at 478.

This Court concludes that the award in paragraph 76 of the Divorce Judgment for purposes of this issue is no different than the award in the divorce decree provision in Combs. Applying Begier, supra, means that Debtor held the proceeds of the $50,000 worth of H&R Block IRAs in trust at the time that she filed her chapter 7 bankruptcy, and, therefore, the proceeds are not susceptible to Debtor's avoidance action under 11 U.S.C. § 547(b).

B. <u>The Court's recognition of a constructive trust arising by operation of law from the divorce decree and its paragraph 76 does not conflict with the Sixth Circuit's ruling in Omegas Group.</u>

The <u>Omegas Group</u> case deals with the jurisdiction of bankruptcy courts to establish or recognize constructive trusts. That case involved two companies, XL/Datacomp ("Datacomp") and Omegas, in the business of purchasing discounted computers, enhancing them with client-specific software, and re-selling them as "value-added" systems. 16 F.3d at 1445. The two companies formed an alleged clandestine business relationship in order for Datacomp to utilize discounts offered by IBM to Omegas. <u>Id.</u> at 1448. In the course of their business dealings, Datacomp alleged that Omegas defrauded it by $1.1 million prior to Omegas' bankruptcy filing. <u>Id.</u> at 1446. It was Datacomp's position that applicable Kentucky state law dictated that Omegas held the $1.1 million at issue in a constructive trust and that the funds never became a part of Omegas' bankruptcy estate. <u>Id.</u> In disagreeing and ruling against Datacomp, the Sixth Circuit stated: "[A] constructive trust . . . does not exist until a plaintiff obtains a [pre-petition] judicial decision finding him to be entitled to a judgment 'impressing' defendant's property or assets with a constructive trust." 16 F.3d at 1451. Notwithstanding the potential merit of Datacomp's constructive trust claim, the fact that Datacomp did not receive a pre-petition judgment finding a constructive trust precluded it from asserting the existence of one in bankruptcy proceedings. <u>Id.</u> at 1451 and 1453.

In this case, the Divorce Judgment preceded the bankruptcy filing. Is the award described in paragraph 76 of the Divorce Judgment a "judicial decision finding [Creditors] to be entitled to a judgment impressing [Debtor's] property or assets with a constructive trust?" The <u>Combs</u> decision, also dealing with that question, focused on a

provision in the divorce decree in that case (similar to paragraph 76 in this case). In doing it, the court turned to the Sixth Circuit's post Omegas Group ruling in McCafferty v. McCafferty (In re McCafferty), 96 F.3d 192 (6th Cir. 1996):

> The McCafferty court then distinguished the case before it from its prior decision in Omegas Group on the ground that "Omegas Group would allow property already impressed with a constructive trust by a court in a separate proceeding prepetition to be excluded from a bankrupt's estate." Finding that the wife had a separate interest, the McCafferty court then determined that under Ohio law a state court need not expressly declare a constructive trust, because one "arises by operation of law to prevent unjust enrichment." The court held that "there clearly was judicial action . . . in the form of a divorce decree . . . awarding specific property . . . . The divorce decree provided the required judicial order."

Combs, 435 B.R. at 477-78 (citations omitted). The Combs court recognized that, like under Ohio law, a constructive trust can also arise in Michigan by operation of law. Id. at 478 (citing Arndt. v. Vos, 268 N.W.2d 693,695 (Mich. Ct. App. 1978)). It then, as noted, concluded it is unnecessary for a divorce decree to explicitly recognize the creation of a, or use the words, "constructive trust" if one comes into being by operation of law. 435 B.R. at 478. In addition to McCafferty, the court in Combs supported its ruling citing cases such as Hines and McGraw v. McGraw (In re McGraw), 176 B.R. 149 (Bankr. S.D. Ohio 1994). See also In re Greene, 2008 Bankr. LEXIS 1580 (Bankr. S.D. Ohio 2008) (not cited by the Combs court but in line with its ruling).

This Court agrees with and adopts the analysis in Combs and the logic of its conclusions, which, in fact, is not to be factually differentiated from Omegas.

### Conclusion

Thus, there is no genuine issue of material fact that (1) the award described in paragraph 76 in the Divorce Judgment is, or sufficiently tantamount to, a pre-petition judicial decision impressing a constructive trust upon $50,000 worth of proceeds from

- 10 -
10-05428-wsd    Doc 30    Filed 12/16/10    Entered 12/16/10 16:00:03    Page 10 of 11

Debtor's IRAs for the benefit of Creditors and (2) there is no need under Michigan law for the judgment of divorce to use the words "constructive trust" in order for there to be a trust. Therefore, those proceeds cannot be the subject of an avoidance action under § 547(b). It would appear that this conclusion, if the proceeds of the constructive trust thus found, are sufficient to pay all of the fees in question, eliminates the need to decide the motions as they relate to the granting of the liens in paragraphs 96 and 97 (which may also involve property other tan the paragraph 76 property). If that is not felt to be the case, the parties should so advise the Court. Accordingly, Debtor's Motion for Summary Judgment is denied, and Creditors' Motion for Summary Judgment is granted. Creditors shall submit an order consistent with this Opinion.

.

**Signed on December 16, 2010**
                                         **/s/ Walter Shapero**
                                    **Walter Shapero**
                                    **United States Bankruptcy Judge**